IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02187-PSF-BNB

F. DAVID SLUSHER,

Plaintiff,

v.

ENDRE SAMU,
CORI SALAMENO,
AL ESTEP,
BILL RUSHER,
SHANE JOHNSON,
DELAYNE TORNOWSKI,
JIM DAY,
RICHARD E. HOWARD,
TREVOR WILLIAMS,
BOB KAHANIC,
TOM O'BRIEN,
ANTHONY A. DECESARO,
JOHN REILLY,
MIKE KELLY,
BUTCH RAGLAND, and
JERRY BRIGGS,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's Prisoner Complaint (the "Complaint") and on

the following motions (the "Motions"):

(1) **Motion to Dismiss From Defendants Samu, Estep, Rusher, Johnson,**

**Tornowski, Day, Howard, Williams, Kahanic, O'Brien, Reilly, Kelly, and Ragland**, filed

January 31, 2005;

(2) **Defendant DeCesaro's Motion for Summary Judgement or in the Alternative**

**Motion to Dismiss Complaint**, filed January 7, 2005; and

  (3) **Motion to Dismiss from Defendant Cori Salameno**, filed May 11, 2005.

  For the following reasons, the Complaint is STRICKEN; the plaintiff is ordered to submit a revised Complaint in compliance with this Order; and the Motions are DENIED WITHOUT PREJUDICE.

  The plaintiff filed his Complaint on October 22, 2004. The Complaint names sixteen defendants and asserts seven claims. Portions of the Complaint are submitted on the standard Prisoner's Civil Rights Complaint form. However, Claims One through Six are submitted on the plaintiff's own paper, in his own format. *Complaint*, pp. 6-14.

  The plaintiff begins by briefly listing Claims One through Six. Id. at p. 6. These claims do not name any specific defendant(s), nor do they provide specific supporting facts. For example, Claim III states:

> Defendants violated Plaintiff Slusher's right to be free from RETALIATION for his activities of redressing grievances and accessing the courts, pursuant to the First Amendment; and rights to due process and equal protection under the law pursuant to the Fifth and Fourteenth Amendments; when they denied him due process before, after, and during the prison disciplinary actions in this matter, all for purposes of RETALIATION and intimidation.

Id.

  The supporting facts for Claims One through Six are found in the following eight typewritten, single-spaced pages. These eight pages consist of 63 paragraphs which painstakingly detail numerous events. The supporting facts for Claims One through Six are not addressed in any discernable order, thereby necessitating a dissection of the 63 paragraphs in order to attempt to discern which facts apply to which claim, and which claim applies to which

defendant(s). I decline to attempt to define the plaintiff's causes of actions for him.

The Federal Rules of Civil Procedure require that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix and disorganized pleadings violate the requirements of Rule 8.

Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Id. The plaintiff's Complaint is prolix and confusing, and utterly fails to comply with Rule 8.

In addition, all typewritten complaints must be double-spaced. D.C.COLO.LCiv.R 10.1E. The plaintiff's Complaint is typewritten and single-spaced. Accordingly,

IT IS ORDERED that the Complaint is STRICKEN for failure to comply with Fed.R.Civ.P. 8 and D.C.COLO.LCiv.R 10.

IT IS FURTHER ORDERED that the plaintiff shall have until **August 22, 2005**, to

submit a complaint which complies with Fed. R. Civ. P. 8, D.C.COLO.LCiv.R 10, and this Order. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be stated separately. Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief. Each claim shall not exceed two typewritten pages, double-spaced.

IT IS FURTHER ORDERED that the plaintiff's failure to comply with this Order may result in a recommendation that the plaintiff's case be dismissed.

IT IS FURTHER ORDERED that the defendants' Motions are DENIED WITHOUT PREJUDICE. The defendants may reassert the arguments set forth in these Motions, if necessary, in response to the revised complaint.

Dated July 20, 2005.

                                  BY THE COURT:

                                  /s/ Boyd N. Boland
                                  United States Magistrate Judge