IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-02187-PSF-BNB

F. DAVID SLUSHER,

    Plaintiff,

v.

ENDRE SAMU;
CORI SALAMENO;
AL ESTEP;
BILL RUSHER;
SHANE JOHNSON;
DELAYNE TORNOWSKI;
JIM DAY;
RICHARD E. HOWARD;
TREVOR WILLIAMS;
BOB KAHANIC;
TOM O'BRIEN;
ANTHONY A. DECESARO;
JOHN REILLY;
MIKE KELLY;
BUTCH RAGLAND; and
JERRY BRIGGS,

    Defendants.

## ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION OF FEBRUARY 6, 2006

This matter comes before the Court on the Recommendation of Magistrate Judge Boland, entered February 6, 2006 (Dkt. # 95), in which he recommended that Defendant DeCesaro's Motion for Summary Judgment Or In The Alternative to Dismiss Revised Complaint (Dkt. # 70) be treated as a motion to dismiss and be granted. Plaintiff Slusher timely filed an Objection to the Recommendation on February 23, 2006 (Dkt. # 96). For the reasons set forth below, the Recommendation is accepted and the claims against Defendant DeCesaro are dismissed.

Plaintiff's Revised Prisoner Complaint, filed August 11, 2005 (Dkt. # 67), names sixteen defendants, asserts seven claims, and alleges essentially that he was retaliated against in various ways for the filing of one or more lawsuits challenging conditions of his confinement at the Limon Correctional Facility in Limon, Colorado. All of the named defendants, other than Defendant DeCesaro, were employed by the Department of Corrections ("DOC") at the Limon facility. According to the complaint, Defendant DeCesaro was employed at the DOC's administrative offices in Colorado Springs as a "Step III Grievance Officer." (Complaint, page 2 at ¶ 4).

As plaintiff correctly states in his Objection, of the seven enumerated claims only three identify Defendant DeCesaro as a named defendant (Objection at 2; Complaint, p. 9, Claim IV; p. 12, Claim VI; and p. 14, Claim VII). Claim IV alleges that plaintiff was "subjected to atypical and significant hardships" when he was placed in "punitive segregation" in 2002 (Complaint at 9). Claim IV does not specifically allege any personal involvement by Defendant DeCesaro other than review of plaintiff's grievances (*id.* at 11). Claim VI alleges that plaintiff was denied "available inmate jobs for which he was the inmate best qualified." Complaint at 12. Again, Claim VI does not allege any personal involvement by Defendant DeCesaro other than review of plaintiff's grievances (*id.* at 14). Claim VII alleges that plaintiff was denied "equal access to the facility law library." Complaint at 14. Claim VII as well does not allege any personal involvement by Defendant DeCesaro other than review of plaintiff's grievances (*id.* at 16). The complaint does not allege with any specificity how the review and response or lack thereof by Defendant DeCesaro of plaintiff's grievances violated plaintiff's constitutional rights.

As the Magistrate Judge correctly stated, a plaintiff must assert each defendant's personal participation in the alleged constitutional violations, as personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A supervisor is not liable under Section 1983 unless there is an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.1993). Thus, a defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-79 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Here, DeCesaro is named solely as a supervisory official who reviewed the grievances filed by plaintiff, and was not even alleged to be present at the location where the alleged constitutional violations occurred. There is no allegation as to how his review purported to violate plaintiff's constitutional rights. Accordingly, the Recommendation of the Magistrate Judge (Dkt. # 95) is accepted and Defendant DeCesaro's Motion to Dismiss (Dkt. # 70) is GRANTED.

DATED: February 28, 2006         BY THE COURT:

                                 *s/ Phillip S. Figa*
                                 _____
                                 Phillip S. Figa
                                 United States District Judge