IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02187-PSF-BNB

F. DAVID SLUSHER,

Plaintiff,

v.

ENDRE SAMU,
CORI SALAMENO,
AL ESTEP,
BILL RUSHER,
SHANE JOHNSON,
DELAYNE TORNOWSKI,
JIM DAY,
RICHARD E. HOWARD,
TREVOR WILLIAMS,
BOB KAHANIC,
TOM O'BRIEN,
JOHN REILLY,
MIKE KELLY,
BUTCH RAGLAND, and
JERRY BRIGGS,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Petition for Court to Order State Court Transcripts** [Doc. # 138, filed 3/5/07] (the "Motion"). The Motion is DENIED.

The plaintiff states that on February 20, 2007, a hearing was conducted in the Lincoln County District Court on an issue "essentially identical to Plaintiff's Claim VII in this Court." The plaintiff requests that I order the Lincoln County District Court to provide him with a transcript of the February 20 hearing, "at government expense."

Assuming the transcript contains relevant testimony, the plaintiff has not provided any authority for obtaining the transcript "at government expense." The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, section 1915 does not authorize government payment for transcripts of the state court proceeding:

> The *in forma pauperis* statute, 28 U.S.C. § 1915, permits the waiver of prepayment of fees and costs for in forma pauperis litigants, see 28 U.S.C. § 1915(a), and allows for payment by the United States of the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court," and of "preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such a transcript is required by the district court," 28 U.S.C. § 1915(b). There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant. See Moss v. ITT Continental Baking Co., 83 F.R.D. 624, 625 (E.D.Va.1979) (quoting Haymes v. Smith, 73 F.R.D. 572, 574 (W.D.N.Y.1976)).

Tabron v. Grace, 6 F.3d 147, 158-59 (3rd cir. 1993).

IT IS ORDERED that the Motion is DENIED.[1]

Dated April 10, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] I note that (a) the defendants acknowledge that the transcript may contain testimony relevant to the plaintiff's claims; (b) the defendants have ordered a copy of the transcript for their own review; and (c) the defendants will provide a copy to the plaintiff upon agreement to pay the copying costs. *Defendants' Response to Plaintiff's Petition for Court to Order State Court Transcript*, ¶¶ 3-4. This appears to be a reasonable means by which the plaintiff can obtain a copy of the transcript which he seeks.