IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-02187-PSF-KLM

FLOYD DAVID SLUSHER,

    Plaintiff(s),

v.

AL ESTEP,
BILL RUSHER,
SHANE JOHNSON,
TREVOR WILLIAMS,
TOM O'BRIEN,
JOHN REILLY,
MIKE KELLY,
BUTCH RAGLAND,   and
JERRY BRIGGS,

    Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

    This matter is before the Court on seven motions:  (1) Plaintiff's Motion for Default Judgment as to Jerry Briggs [Docket No. **157,** Filed May 16, 2007]; (2) Plaintiff's Renewed Motion for Default Judgment as to Jerry Briggs [Docket No. **176**, Filed June 22, 2007]; (3) Plaintiff's Motion to Compel Answers to Interrogatories [Docket No. **179**, Filed June 27, 2007]; (4) Motion to Reinstate Defendants to Count VI [Docket No. **182**, Filed July 3, 2007]; (5) Motion to Set Aside Entry of Default from Defendant Jerry Briggs [Docket No. **185**, Filed July 12, 2007]; (6) Plaintiff's Motion and Affidavit Pursuant to Rule 56(f) [Docket No. **203**, Filed August 29, 2007]; and (7) Plaintiff's Motion for Extension of Time [Docket No. **205**, Filed September 11, 2007.

    IT IS HEREBY **ORDERED** that Plaintiff's Motion for Default as to Jerry Briggs [Docket No. **157**] and Plaintiff's Renewed Motion for Default as to Jerry Briggs [Docket No. **176**] are **DENIED** for the reasons provided regarding the Court's ruling on Docket No. 185

*infra*.

IT IS FURTHER HEREBY **ORDERED** that Plaintiff's Motion to Compel [Docket No. **179**] is **DENIED**. The Court finds that the response provided to Plaintiff's interrogatory seeking identification and the status of all lawsuits to which Defendants have been a party was reasonable and complies with the requirements of the Federal Rules of Civil Procedure, Rules 11(b) and 33.

IT IS FURTHER HEREBY **ORDERED** that Plaintiff's Motion to Reinstate Defendants to Count VI [Docket No. **182**] is **DENIED**. Plaintiff appears to request amendment of his Amended Complaint [filed on July 20, 2005 as a "Revised Prisoner Complaint," Docket No. 67] to assert claims for retaliation in violation of his First, Fifth and Fourteenth Amendment rights against two persons who were not individually named as defendants regarding such claims, Cori Salameno and Endre Samu, and to reconsider the District Court's Order [Docket No. 119, Filed November 21, 2006] dismissing Claim VI of the Amended Complaint as to Defendant Estep. Plaintiff's claims against Cori Salameno were dismissed in their entirety by the District Court's Order, and Mr. Salameno was therefore dismissed from the case more than ten months ago. As the factual basis for his Motion, Plaintiff asserts discovery of interception of a letter he wrote from prison to a friend, which was allegedly copied to Salameno, Estep and Samu. Plaintiff does not explain how the fact that these individuals *may* have received a copy of the intercepted letter establishes that they retaliated against him in violation of his constitutional rights. Moreover, Plaintiff's motion was filed well after any reasonable timeframe for amending the pleadings in this case and after the close of discovery, although the evidence upon which he relies was received by him prior to the discovery deadline. Therefore, Plaintiff's Motion is denied for the reasons given in the Order filed November 21, 2006 [Docket No. 119] and because Defendants would be unduly prejudiced by the late amendments Plaintiff seeks. *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993); *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990).

IT IS FURTHER HEREBY **ORDERED** that the Motion to Set Aside Default from Defendant Jerry Briggs [Docket No. **185**] is **GRANTED**. Accordingly, the Clerk's Entry of Default as to Jerry Briggs [Docket No. 178, Filed June 27, 2007] is **vacated**. The Court finds it would be inappropriate to grant a default as to Defendant Jerry Briggs pursuant to 42 U.S.C. § 1997e(g)(1). *See Lee v. Suthers*, 50 Fed. Appx. 942, 943 (10th Cir. 2002) (unpublished decision) (recognizing that a failure to answer does not constitute a waiver of defenses). In addition, although Defendant Jerry Briggs did not timely respond to the original Complaint or the Amended Complaint, the Court never expressly directed to him to respond. *See* 42 U.S.C. § 1997e(g)(2).

IT IS FURTHER **ORDERED** that Defendant Jerry Briggs shall respond to the Revised Prisoner Complaint on or before **October 10, 2007**.  For purposes of responding to Defendants' Motion for Summary Judgment [Docket No. 189, Filed July 13, 2007] *only*, Plaintiff may serve up to ten (10) interrogatories and ten (10) requests for production of documents on Defendant Jerry Briggs on or before **October 30, 2007**.

IT IS FURTHER HEREBY **ORDERED** that Plaintiff's Motion and Affidavit Pursuant to Rule 56(f) [Docket No. **203**] is **GRANTED in part**.  For purposes of responding to Defendants' Motion for Summary Judgment *only*, Plaintiff may serve up to ten (10) interrogatories and  ten (10) requests for production of documents related to the intercepted letter [Docket No. 182, pp. 9-11) on Defendant Reilly *only* on or before **October 30, 2007**.

IT IS FURTHER HEREBY **ORDERED** that Plaintiff's Motion for Extension of Time [Docket No. **205**] is **GRANTED**.  Plaintiff shall have up to and including **January 4, 2008** to respond to Defendants' Motion for Summary Judgment.

Dated:  September 27, 2007

                                              BY THE COURT:

                                               s/ Kristen L. Mix
                                              U.S. Magistrate Judge
                                              Kristen L. Mix