IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-02187-WDM-KLM

F. DAVID SLUSHER,

    Plaintiff,

v.

ENDRE SAMU, et al.,

    Defendants.

---

**ORDER ON PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER OF SEPTEMBER 27, 2007**

---

Miller J.

This matter comes before the Court on plaintiff's appeal (Dkt. # 215), filed October 10, 2007, of the order entered by the Magistrate Judge on September 27, 2007. The order of the Magistrate Judge denied plaintiff's "Motion to Reinstate Defendants to Count VI" (Dkt. # 182), which was filed on July 3, 2007. For the reasons set forth below, the plaintiff's appeal of the Magistrate Judge's order is DENIED and the order of the Magistrate Judge is affirmed.

By Order entered November 21, 2006 (Dkt. # 119), this Court ruled on Defendants' motion to dismiss plaintiff's Revised Prisoner Complaint. With respect to Count VI, the Court granted in part and denied in part defendants' motion. The Court accepted the Recommendation of the Magistrate Judge that Count VI be dismissed as against all defendants to the extent it purports to allege subclaims for denial of access to the courts, equal protection and due process. Plaintiff does not appear to take issue

with this aspect of the Court's ruling.  The Court's Order further granted defendants' motion to dismiss the retaliation subclaim contained in Count VI as to Defendants Ragland, Kahanic, O'Brien and the undefined "LCF Management Team," but denied the motion as to Defendants Reilly and Kelly.  Order, Dkt. # 119, at 21.

Plaintiff's current motion, filed more than seven months after this Court's Order, seeks to "reinstate" Defendants Estep, Samu and Salameno as defendants to Count VI.  As a basis for his motion, plaintiff asserts that he discovered an interception by these individuals of a personal letter sent by him to a friend outside the prison.  Plaintiff apparently contends such interception of his letter led to retaliation against him.  However, the flaws in plaintiff's motion are several.

First, as even plaintiff's motion appears to recognize, defendant Salameno was never named as a defendant to Count VI of plaintiff's Revised Prisoner Complaint.  Second, despite plaintiff's assertion to the contrary, defendants Estep and Samu were also not expressly named as defendants in Count VI of plaintiff's Revised Prisoner Complaint.  The Court found that the reference to the LCF Management Team did not provide specific identification of individual defendants.  Thus, there is no basis to "reinstate" such defendants as they were never named as defendants in Count VI.

Furthermore, even if plaintiff's motion were treated as a motion to amend the Revised Prisoner Complaint to add these three individuals, the motion would be lacking.  Assuming that a copy of the purportedly intercepted letter was sent to these three defendants, nothing regarding that particular fact, or any information contained in plaintiff's motion, demonstrates that such interception led to any of the job denial retaliation against plaintiff by these three individuals, as alleged in Count VI against

Defendants Reilly and Kelly. Thus, even if allowed, the addition of these defendants based on such allegations would be futile in the context of plaintiff's retaliation claim. Moreover, there is no valid justification for permitting such an amendment this late in this case, or so long after this Court's order of November 21, 2006.

Accordingly, plaintiff's Motion to Reinstate Defendants to Count VI (Dkt. # 182) is DENIED and Plaintiff's Appeal from the Magistrate Judge's order (Dkt. # 215) is DENIED.

DATED at Denver, Colorado, on March 13, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge