IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02187-WDM-KLM

FLOYD DAVID SLUSHER,

   Plaintiff(s),

v.

JOHN REILLY,

   Defendant(s).
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion for Reconsideration of this Court's September 3, 2008, Order** [Docket No. 272; Filed September 16, 2008] (the "Motion"). On September 3, 2008, the Court agreed to extend the discovery deadline in this case to October 10, 2008 for the limited purpose of allowing Plaintiff to conduct the deposition of Defendant and one deposition of the Limon Correctional Facility ("LCF") pursuant to Fed. R. Civ. P. 30(b)(6).

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. Although couched as a "Motion for Reconsideration," the Court finds that this pleading is, in essence, a motion to quash a subpoena issued by Plaintiff. As the subpoena was issued to a third party, here the LCF, Defendant does not have standing to seek this relief on LCF's behalf. *See Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997).

In any event, a motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir.

1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

The Court does not find that its decision to allow Plaintiff to depose a representative from LCF falls within any category prompting reconsideration. First, counsel for Defendant's assertion, i.e., that no designee at LCF could testify to the noticed deposition topics, lacks foundation. Further, if the designee cannot sufficiently speak to the noticed topics, he or she can testify to that effect during the deposition. *See Raytheon Aircraft Co. v. United States*, No. 05-2328-JWL-DJW, 2007 WL 2668725, at *7 (D. Kan. Sept. 6, 2007) (unpublished decision). Second, the Court rejects Defendant's unsupported argument that a prison facility is not an "entity" within the meaning of Fed. R. Civ. P. 30(b)(6). Third, the Court is not persuaded that Plaintiff intends to impermissibly elicit expert or opinion testimony from the LCF designee.

Finally, the Court addresses Defendants' argument that the information Plaintiff seeks is not relevant to the issue of retaliation. On the contrary, Plaintiff must show a causal connection between his protected conduct and Defendant's action. *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990). While one source of evidence regarding the intent and purpose behind the alleged retaliatory action taken by Defendant against Plaintiff is the alleged wrongdoer himself, his testimony is not the only viable source for

proving a causal connection between his action and Plaintiff's protected conduct. *See id.* at 949 (noting that a defendant's state of mind is difficult to determine with direct evidence). For instance, the presentation of circumstantial evidence such as temporal proximity, a chronology of events, suspicious timing, or differential treatment may be sufficient to support allegations of retaliation. *See id.* (holding that the inmate sufficiently supported retaliation claim with "only means available to him – circumstantial evidence of the suspicious timing of his discipline, coincidental transfers of his witnesses and assistants"). Moreover, evidence which could provide context to the alleged wrongdoer's behavior may also be relevant to determine that individual's perspective and whether he may have been motivated to terminate Plaintiff on the basis of his protected conduct.

Discovery should proceed if it "is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This is a deliberately broad standard which is meant to allow the parties to discover the information necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)). While the evidence that Plaintiff derives from this deposition may not ultimately be enough for Plaintiff to prove his case, the potential inadequacy of the deposition, when it otherwise involves arguably relevant topics, is not grounds for its prohibition.

Dated:   September 19, 2008

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge